**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00188-MR
[CRIMINAL CASE NO. 1:08-cr-00128-MR-DLH-12]**

| | |
|---|---|
| TRON TYRONE DIXON REID, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Motion to File Supplemental Brief [Doc. 6]; the Government's Response in Opposition to the Motion to Vacate [Doc. 7]; the Government's Motion to Dismiss [Doc. 8]; the Petitioner's Motion to Set Time to File Petitioner's Response to the Government's Answer and Motion to Dismiss [Doc. 9]; and the Petitioner's Motion for Final Disposition [Doc. 11].[1]

---

[1] According to the BOP's Inmate Locator, the Petitioner was released from custody on April 10, 2015, and he is currently serving a term of supervised release. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). Accordingly, the Petitioner's release from BOP custody does not render moot his motion to vacate.

**I.     BACKGROUND**

On December 3, 2008, Petitioner and 14 co-defendants were indicted by the Grand Jury for this District and charged with conspiracy to possess 50 grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Criminal Case No. 1:08-cr-00128-MR-12 ("CR"), Doc. 2]. On February 23, 2009, the Petitioner pled guilty to the conspiracy count pursuant to a written plea agreement entered into by the Petitioner and the Government. [CR Doc. 152]. In the plea agreement, the parties agreed that the amount of cocaine base that was known to Petitioner or reasonably foreseeable by him was in excess of 50 grams but less than 150 grams. [Id. at 2]. As part of the plea agreement, the Petitioner acknowledged that he understood that the offense to which he was pleading guilty carried a mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life. [Id. at 1]. The Petitioner further agreed, "in exchange for the concessions made by the United States," to waive his right "to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel and/or (2) prosecutorial misconduct." [Id. at 5].

The Honorable Dennis L. Howell, United States Magistrate Judge, conducted a hearing and colloquy pursuant to Federal Rule of Criminal

Procedure 11.  [CR Doc. 411: Rule 11 Transcript].  At the conclusion of the hearing, Judge Howell accepted the Petitioner's guilty plea as having been knowingly and voluntary made.  [Id. at 20].

Prior to sentencing, the probation office prepared a Presentence Report (PSR).  In the PSR, the probation officer noted that the amount of cocaine base for which the Petitioner was actually responsible was in excess of 150 grams, but calculated the offense level based on a quantity of only 50 to 150 grams due to the parties' stipulation in the plea agreement, resulting in a base offense level of 30.  [See CR Doc. 228].  With a three-level reduction for acceptance of responsibility, and criminal history category of III, the probation officer determined that the Petitioner's guideline sentencing range would be 87-108 months of incarceration, but that the statutory mandatory minimum required a sentence of at least 120 months.  [Id.].

At the sentencing hearing on July 23, 2009, the Government made an oral motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) for the imposition of a sentence below the mandatory minimum and asked the Court to sentence the Petitioner at the low end of the erstwhile Guideline range of 87-108 months.  [CR Doc. 412: Sentencing Transcript at 3].  The Court granted the Government's motion, and at the conclusion of the hearing, imposed a sentence of 87 months' imprisonment, to be followed by three

years of supervised release. [Id. at 7]. The Court entered the Judgment on July 24, 2009. [CR Doc. 252].

The Petitioner did not file a timely appeal. On December 18, 2009, however, the United States Court of Appeals for the Fourth Circuit received a *pro se* letter from the Petitioner. [CR Doc. 380]. The Court treated this letter as a notice of appeal and dismissed the appeal as untimely. [CR Doc. 454].

Thereafter, the Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, asserting that he had made a timely request to his attorney to file an appeal and that his attorney had failed to do so. [CR Doc. 462]. The Court granted the Petitioner's motion, vacated the original judgment and entered a new judgment recognizing the judgment previously imposed, and did so solely for the purpose of allowing the Petitioner to make a timely appeal. [CR Doc. 463]. The amended judgment was entered on March 28, 2011. [CR Doc. 468].

Following the amended judgment, the Petitioner filed a timely appeal. [CR Doc. 469]. The Fourth Circuit appointed attorney Frank Abrams to represent the Petitioner. [CR Doc. 472]. On appeal, the Petitioner argued that his sentence was unreasonable in light of the Fair Sentencing Act of 2010 (FSA) and that counsel was ineffective for failing to file a motion for

downward departure. On October 5, 2011, the Fourth Circuit dismissed the Petitioner's appeal based on the FSA because Petitioner's claim fell within the scope of the appellate waiver provision contained in his plea agreement. United States v. Reid, 448 F. App'x 413, 414 (4th Cir. 2011). The Court declined to consider the Petitioner's ineffective assistance claim, noting that the record did not conclusively demonstrate that counsel was ineffective. Id.[2]

The Petitioner filed the present motion to vacate on July 23, 2012, asserting two grounds of relief. First, the Petitioner argues that his sentence should be reduced pursuant to the lower mandatory minimum sentences of the FSA because Congress passed the FSA prior to the imposition of his final sentence. [Doc. 1 at 8]. Second, the Petitioner alleges that he was denied the effective assistance of counsel because his appellate counsel

---

[2] The Petitioner subsequently filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), seeking relief under Amendment 750 to the United States Sentencing Guidelines. [Docs. 489, 575]. The Court denied the motion, stating that "[t]he application of Amendment 750 provides no change in the Petitioner's sentence of 87 months as imposed in his original sentencing" on July 23, 2009. [CR Doc. 584]. On November 1, 2014, Amendment 780 of the United States Sentencing Guidelines came into effect, which allows those defendants who received substantial assistance departures at their original sentencing hearings to receive the full benefit of retroactive cocaine base Guidelines Amendment 750 reductions previously precluded by operation of U.S.S.G. §§ 5G1.1 or 5G1.2. The Federal Defender for this District was appointed to represent Petitioner with regard to such matter. No relief was sought, however, on behalf of Petitioner pursuant to Amendment 780 prior to his release from BOP custody on April 10, 2015.

5

failed to argue that his appeal based on the retroactivity of the FSA was not barred by the waiver in the Petitioner's plea agreement. [Id. at 10-11].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond. Id. The Court must then review the Government's answer in order to determine whether an evidentiary hearing is warranted under Rule 8(a). Having considered the record in this matter, the Court finds it is clear that Petitioner is not entitled to relief; therefore, an evidentiary hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. FSA Claim

The Petitioner first argues that his sentence should be reduced based on the retroactivity of the FSA.

The FSA, which was enacted in 2010, increased the amount of crack cocaine required to trigger a five-year mandatory minimum sentence from five grams to 28 grams and the amount required to trigger a ten-year mandatory minimum sentence from 50 grams to 280 grams. Pub. L. No. 111-220, 124 Stat. 2372 (2010). In <u>Dorsey v. United States</u>, 132 S.Ct. 2321, 2329 (2012), the Supreme Court held that Congress "intended the [FSA's] more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who [were] sentenced after that date." <u>Id.</u> at 2331. Accordingly, the Act applies not only to defendants who committed their offenses after the effective date of the FSA but also those defendant who committed their offenses *prior* to the effective date of the FSA but whose sentencing date was *after* August 3, 2010. <u>Id.</u>

On direct appeal, the Petitioner argued that his 87-month sentence was unreasonable in light of the FSA. The Fourth Circuit, however, rejected this argument and dismissed his appeal, finding that the Petitioner knowingly and intelligently agreed to a waiver of his appellate rights in his plea agreement and concluding that his "challenge to his sentence based on the applicability of the [FSA] falls within the scope of the appellate waiver provision." <u>Reid</u>, 448 F. App'x at 414. Because the Fourth Circuit has already fully considered and dismissed the issue of whether the FSA applies

to reduce the Petitioner's sentence, the Petitioner is now barred from raising the same issue in a collateral attack.  See United States v. Boeckenhaupt, 537 F.2d 1182, 1183 (4th Cir. 1976).

The Petitioner argues that even though this issue was already litigated on direct appeal, he is still permitted to collaterally attack his sentence because the FSA constitutes an intervening change in law.  [Doc. 1 at 10]. The Petitioner is correct that an exception exists entitling litigation of issues already decided on direct appeal when there has been an intervening change in the law.  See Davis v. United States, 417 U.S. 333, 342 (1974).  Here, however, there has been no change in the law that applies to the Petitioner's sentence.  As the Supreme Court's ruling in Dorsey makes clear, the FSA only applies retroactively to offenders who were sentenced *after* August 3, 2010.

The Court imposed the Petitioner's sentence on July 23, 2009, more than a year before the FSA became effective.  Although the judgment was later amended in February 2011, it was amended only as to the date of the judgment – the sentencing date did not change. There was no new sentencing hearing.  The sentence at issue was imposed on July 23, 2009. Therefore, since the FSA's new mandatory minimum sentences only apply to offenders whose sentencing date was *after* August 3, 2010, the FSA does

not apply retroactively to Petitioner's sentence, and he is not entitled to relief under the FSA.

For all of these reasons, the Petitioner's first claim is without merit and is therefore dismissed.

### B. Ineffective Assistance of Counsel Claim

Next, the Petitioner claims that his appellate counsel was ineffective for failing to argue on appeal that the Petitioner's claim that the FSA Applied retroactively to reduce his sentence was not barred by the waiver provision in his plea agreement.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding

was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Here, the Petitioner's claim fails because he cannot show that he would have received a different, more lenient sentence if counsel had argued that his claim was not barred by the waiver. Even prior to Dorsey, the Fourth Circuit had determined that the FSA was not retroactive for offenders "whose sentencing pre-dated the effective date of the statute." United States v. Branch, 474 F. App'x 144, 145 (4th Cir. 2012); see also United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that FSA was not retroactive to cases pending on direct appeal). Thus, at the time of Petitioner's appeal, the Fourth Circuit would have determined that the FSA was not applicable to him. The Supreme Court's subsequent ruling in Dorsey settled any question as to the FSA's retroactivity, making it evident that the FSA does not apply retroactively to reduce or modify sentences imposed

prior to the effective date of the FSA. As a result, even if the Petitioner's appeal had not been barred by the waiver provision in his plea agreement, an appeal would not have resulted in a different outcome. The FSA is simply not applicable to the Petitioner's case.

Because the Petitioner cannot establish that he would have received a lesser sentence if counsel had raised the waiver issue on appeal, there was no prejudice. Accordingly, his ineffective assistance of counsel claim fails and is therefore dismissed.

**C.   Remaining Motions**

After filing his original motion to vacate, the Petitioner filed a motion seeking permission to file a supplemental brief. [Doc. 6]. The Petitioner's motion is granted, and the Court has considered the Petitioner's supplemental brief [Doc. 6-1] in disposing of the Petitioner's claims.

Following the filing of the Government's Answer and Motion to Dismiss, the Petitioner filed a motion to set a deadline for the filing of a response to the Government's filings. [Doc. 9]. The Petitioner filed a response simultaneous with his motion to set a deadline. [Doc. 10]. Accordingly, the Court finds that the Petitioner's motion to set a deadline for the filing of Petitioner's response is moot and shall be denied as moot.

Finally, the Petitioner filed a motion seeking a final disposition of his this case. [Doc. 11]. As the Court has now disposed of this action, Petitioner's motion for a final disposition is now moot and shall be denied as moot.

## IV.  CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Permission to File Supplemental Brief [Doc. 6] is **GRANTED**; and Petitioner's Motion to Set Time to File Petitioner's Response [Doc. 9] and Motion for Final Disposition [Doc. 11] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss [Doc. 8] is **GRANTED**, and the Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: April 30, 2015

Martin Reidinger
United States District Judge